# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| REGINA HUDSON, | ) |
| Plaintiff, | ) ) ) |
| | ) No. 08 C 3242 |
| vs. | ) ) Magistrate Judge Schenkier |
| MICHAEL ASTRUE, Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Regina Hudson, has filed a motion seeking reimbursement of attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (2006) (doc. # 32). The plaintiff contends that the denial of her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 416(I) and 423 (2006) by the Commissioner of Social Security ("the Commissioner"), which was remanded by a written opinion and order of this Court, *Hudson v. Astrue*, 08 C 3242, 2009 WL 2612528 (N.D. Ill. Aug. 24, 2009), was not "substantially justified."

The plaintiff seeks a total award of fees and costs in the amount of $7,971.97 (the sum of $7,263.22 requested in the plaintiff's original EAJA petition and $708.75 for fees incurred in filing the EAJA reply brief). For the reasons stated below, we grant the plaintiff's motion and award attorney's fees and costs in the amount of $7,971.97.

**I.**

Under the EAJA, a successful litigant against the federal government is entitled to recover reasonable attorney's fees where (1) the claimant was a prevailing party, (2) the government's position was not substantially justified, (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application for fees. 28 U.S.C. § 2412(d)(1)(A)–(B); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). There is no dispute that the plaintiff is a prevailing party because this Court remanded the underlying determination denying benefits to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 300–01 (1993). In the present case, the Commissioner opposes the EAJA motion on grounds that the government's position was substantially justified, and that the fees sought are unreasonable or should be reduced due to special circumstances.

To defend against an EAJA petition, the Commissioner has the burden of proving that his position, although remanded, was nonetheless substantially justified. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). In determining whether the Commissioner has met that burden, the Court must treat a case as an inclusive whole rather than as atomized line items. *Commissioner, INS v. Jean*, 496 U.S. 154, 161–62, (1990). Accordingly, a court must make a global assessment of the Commissioner's conduct rather than engage in "argument counting." *Stewart*, 561 F.3d at 683; *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1081 (7th Cir. 2000). A court will deny fees under the EAJA to a prevailing plaintiff if the Commissioner's position is substantially justified, having a reasonable basis in fact and law as well as a reasonable

connection between the facts and the legal theory. *See Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006) (finding that the Administrative Law Judge ("ALJ") did not mischaracterize or completely ignore evidence); *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006) (finding that the ALJ had a reasonable basis to deny benefits despite that the ALJ failed to cite one of his conclusions as explicit medical testimony).

However, a court must award fees under EAJA if either the Commissioner's litigation position or pre-litigation conduct is not substantially justified. *Stewart*, 561 F.3d at 683; *Conrad*, 434 F.3d at 990 (7th Cir. 2006). EAJA fees may be awarded if the Commissioner's pre-litigation conduct was not substantially justified. *See Golembiewski*, 382 F.3d at 724 (holding that a court must make a single determination for the entire action). And, the Commissioner's pre-litigation conduct includes decisions of the ALJ. *Stewart*, 561 F3d 683.

The substantial justification standard is different from the "substantial evidence" standard used to evaluate an ALJ's decision on the merits of a disability claim. *Hallmark*, 200 F.3d at 1080. Accordingly, a finding that the case should be remanded because substantial evidence did not support the Commissioner's position is not conclusive evidence that fees should be awarded. *Id.* at 1079–80. However, strong language pointing out errors by the ALJ on the merits constitutes evidence in support of an award of fees. *Golembiewski*, 382 F.3d at 724–25 (finding strong language such as "admonishing the ALJ" and "urging the Commissioner to assign the matter to a different ALJ"). Moreover, the Commissioner must prove that the ALJ provided a reasonable connection between the facts and the legal theory. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988); *Stewart*, 561 F.3d at 683.

## II.

In this case, the parties focus primarily on whether the Commissioner's pre-litigation position was substantially justified: specifically, the July 24, 2007 determination by the ALJ. In that determination, the ALJ found that the plaintiff was not disabled. The 2007 determination relied on the opinion of vocational expert ("VE") Frank Mendrick and incorporated the previously issued 2006 determination, which relied on the opinion of VE Michelle Peters. On review of the 2007 determination, this Court identified a number of errors in the ALJ's reasoning and remanded the case for further consideration. *Hudson*, 2009 WL 2612528, at *14.

The Court found that the ALJ failed to account for inconsistencies between his opinions, as well as unexplained departures from the testimonies of VE Peters and VE Mendrick regarding their assessments of the plaintiff's physical limitations. The ALJ's assessments, known as physical residual functional capacity ("RFC") assessments, contained discrepancies pertaining to the plaintiff's limitations to: (1) stand or sit at will, (2) engage in extended periods of fine and gross manipulation with her hands, and (3) come into contact with cleaning products, perfumes, and similar products.

The Commissioner argues that despite these inconsistencies, his position was substantially justified (Def.'s Mem. at 3-8). For the following reasons, we disagree.

**A.**

During the first hearing in 2006, VE Peters testified that the plaintiff could not perform her past work as a receptionist based on a hypothetical that included the limitation that the plaintiff have the option to stand or sit at will. *Hudson*, 2009 WL 2612528, at *11. Given this limitation, VE Peters testified that the plaintiff could not work as a receptionist, a job that is classified as "sedentary" and involves sitting most of the time. *Id.* Without explanation, the ALJ excluded this limitation from his RFC and found that the plaintiff could work as a receptionist in his 2006 opinion. *Id.*

During the second hearing in 2007, a different hypothetical was posed to VE Mendrick that did not include this limitation. Absent this limitation, VE Mendrick testified that the plaintiff could "probably" work as a receptionist. *Id.* The ALJ's 2007 opinion adopted the 2006 opinion that had excluded this limitation and found again that the plaintiff could perform her past work as a receptionist. The Court found that the ALJ's failure to explain the exclusion of this relevant limitation was itself sufficient reason to require remand. *Id.*

**B.**

Additionally, during the 2006 hearing, VE Peters testified that the plaintiff could not work as a receptionist based on a hypothetical that included the limitation that the plaintiff was limited to manipulation with each hand for up to 2.67 hours per day. *Hudson*, 2009 WL 2612528 at *11. In his 2006 opinion, the ALJ again departed from the hypothetical and VE Peters's testimony without explanation, providing a less restrictive limitation of manipulation up to 5.33 hours per day with the plaintiff's left hand and even

5

longer with her right hand. *Id.* With this revised RFC, the ALJ found that the plaintiff could work as a receptionist. *Id.* at *10.

During the 2007 hearing, a different hypothetical was posed to VE Mendrick than the one posed to VE Peters. *Id.* at *12. The hypothetical to VE Mendrick assumed a limitation of manipulation with each hand for up to 5.33 hours per day. *Id.* This new limitation was less restrictive than the hypothetical posed to VE Peters in 2006, but it was more restrictive than the RFC limitation that the ALJ used in his 2006 opinion. Given this limitation, VE Mendrick testified that the plaintiff could "probably" work as a receptionist. *Id.* However, again without explanation, the ALJ provided a *more* restrictive limitation in his 2007 RFC, finding the plaintiff capable of manipulation up to 5.33 hours per day for one hand and up to only 2.67 hours per day for the other hand. *Id.* The ALJ also found that the plaintiff could work as a receptionist under this modified limitation. *Id.*

Adding to the confusion, the ALJ misstated these limitations in his 2007 opinion, attributing both the shorter and longer limitation to the right hand. *Id.* The Commissioner argues that this misstatement was a "harmless scrivener's error" and should not merit remand on its own (Def.'s Mem. at 7); however, there was no additional explanation to help resolve which limitation the ALJ intended for the left hand. *Hudson*, 2009 WL 2612528, at *12. Moreover, the ALJ did not explain why the change in the hypothetical limitations posed to VE Peters and VE Mendrick in the 2006 and 2007 hearings, why he deviated from the hypothetical limitations in both RFCs, or why his RFC in 2007 intended to provide different limitations for the right and left hands. *Id.*

6

## C.

Furthermore, during the 2006 hearing, VE Peters testified that the plaintiff could not perform her prior work as a receptionist or bartender based on a hypothetical that included the limitation that the plaintiff must avoid skin contact with cleaning products, perfumes, and similar products. *Hudson*, 2009 WL 2612528, at *12. The ALJ's 2006 RFC included the same limitation, but the ALJ concluded that the plaintiff could work as a receptionist without even acknowledging VE Peters's testimony to the contrary. *Id.* at *13.

During the 2007 hearing, the hypothetical posed to VE Mendrick did not include this limitation, and VE Mendrick testified that the plaintiff probably could work as a receptionist. *Hudson*, 2009 WL 2612528, at *12. The ALJ's 2007 RFC also excluded this limitation. *Id.* In the ALJ's 2007 opinion, he adopted VE Mendrick's opinion without explaining why he removed this limitation from the RFC he found in the 2006 opinion. *Id.*

In his brief, the Commissioner attempts to fill in the gaps in the ALJ's reasoning. However, in determining whether the Commissioner's position was substantially justified, we consider the opinion the ALJ actually wrote, and not one that he might have written. The ALJ was not at liberty to ignore the contrary opinion of VE Peters. Worse, in his 2007 opinion, the ALJ mischaracterized VE Peters as having opined during the 2006 hearing that the plaintiff *could* perform her prior work as a receptionist. *Hudson*, 2009 WL 2612528, at *12. The shortcomings in the ALJ's opinion led us to conclude

that the opinion was "a model of ambiguity, not clarity," that "call[ed] out for a minimal certification." *Id.* at 14.

### D.

In view of the foregoing discussion, the Court must make a global assessment of the Commissioner's conduct. *Stewart*, 561 F.3d at 683. As part of the pre-litigation conduct, an ALJ must articulate in a rational manner the reasons for assessing the plaintiff's RFC. *Id.* at 684; *Getch v. Astrue*, 539 F.3d 473, 481–82 (7th Cir. 2008). In other words, the ALJ must connect the evidence to the conclusion though an "accurate and logical bridge." *Stewart*, 561 F.3d at 684; *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). We found that "the ALJ did not adequately explain the rationale for his RFC assessment and determination by creating a 'logical bridge' between the evidence in the record and his conclusion . . . ." *Hudson*, 2009 WL 2612528 at *10.

The Commissioner argues that his position was substantially justified in part because the ALJ relied on VE testimony (Def.'s Mem. at 5) (citing *Crawford v. Astrue*, 633 F. Supp. 2d 618 (N.D. Ill. 2009)). However, in this case, the ALJ did not simply rely on VE testimony, faulty or otherwise. At various points in his opinion, the ALJ disregarded or mischaracterized VE testimony. If an ALJ fails to articulate the basis of his RFC, a court cannot sustain a denial of benefits. *Stewart*, 561 F.3d at 684. Without providing his reasoning, the ALJ left the Court unable to determine whether he disregarded accurate VE testimony and supplanted it with potentially faulty conclusions.

Furthermore, as stated previously, strong language against the Commissioner's position in an opinion on the merits is evidence in support of an award of fees,

*Golembiewski*, 382 F.3d at 724, and the Court's opinion was filled with such strong language. For example, the Court described the discrepancies between the hypothetical questions posed to the VEs and the ALJ's RFCs as "significant and troubling." *Hudson*, 2009 WL 2612528, at *10. The Court commented on the ALJ's "dizzying inconsistencies" with respect to the limitation on fine and gross manipulation. *Id.* at *12. The Court concluded that the ALJ had "mischaracterized" VE Peter's early testimony, and that he was not "at liberty to simply ignore" contrary evidence. *Id.* at *13. The Court concluded that "[w]hether viewed singly or together, the ALJ's 2006 and 2007 opinions are a model of ambiguity, not clarity," *Id.* at 14, and that "[t]aken collectively, [the deviations and inconsistencies] reveal the picture of an opinion that cannot stand." *Id.* at 13.

Ultimately, the Court remanded the case "for the ALJ to properly perform [his] job." *Id.* at *14. The Court's opinion is replete with numerous illustrations of the ALJ's failure to explain or articulate his deviations from VE testimony and inconsistencies between his two opinions. A global assessment reveals a consistent pattern of a lack of justification by the ALJ for his denial of benefits that amounts to a profound lack of substantial justification by the Commissioner. Therefore, the Court finds that the Commissioner has not satisfied his burden of proving that either his pre-litigation or litigation position were substantially justified.

### III.

The Commissioner argues that even if his position lacked substantial justification, plaintiff's fee request should be denied or reduced based on "special circumstances"

(Def.'s Mem. at 1-3). The EAJA authorizes a trial court to deny fees even if the Commissioner's position was not substantially justified, in cases where "special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A) (2006). Here the Commissioner argues that there are special circumstances that warrant a denial of EAJA fees: specifically, that, "the Court ultimately ruled in her favor for reasons other than those disputed by the parties, and could have denied Plaintiff's motion altogether under the doctrine of waiver" (Def.'s Mem. at 1).

We find that argument unconvincing. While plaintiff could have been more precise in making her arguments, we recognized that "[e]mbedded in plaintiff's second and third arguments is the proposition that the ALJ erred in assessing her RFC." *Hudson*, 2009 WL 2612528, at *10. The plaintiff adequately alleged error with respect to the ALJ's analysis at steps 4 and 5 of the five-step test set forth by the social security regulations in 20 C.F.R. § 404.1520(a)(4) (2009). The Court is entitled to review all evidence fairly presented by the record in making that determination. *See Gross v. FBL Fin. Servs., Inc.*, 129 S.Ct. 2343, 2348 (2009) (holding that the Court will consider subsidiary questions that are essential to the analysis of the decisions below); *cf. U.S. ex rel. Mikels v. Evans*, 2009 WL 87462, at *6 (N.D. Ill. Jan. 13, 2009) (holding that waiver is a limitation on the parties, not the court). Consequently, this Court finds that the doctrine of waiver is not relevant to this case.

In a related vein, the Commissioner argues that no award should be granted, or at least that the award should be reduced, because some of the reasons for which the Court remanded the case were not included in the plaintiff's brief (Def.'s Mem. at 3). That argument fails as well. As we have explained, the challenge to the ALJ's RFC

10

determination was embedded in plaintiff's arguments. Moreover, the Court did not reject the plaintiff's arguments as specious, frivolous, or unhelpful. We agree with the court in *McCullough v. Astrue*, 565 F. Supp. 2d 1327, 1330-31 (M.D. Fla. 2008), that the special circumstances provision in the EAJA should be construed narrowly. If the Commissioner's position lacks substantial justification, the "special circumstances" exception should not be used to deprive a plaintiff of attorney's fees simply because the plaintiff's briefing fell short of perfection.

## IV.

We now consider whether the fees requested by plaintiff are reasonable. As required by the EAJA, 28 U.S.C. § 2412(d)(1)(B) (2006), the plaintiff's counsel submitted an itemized statement of time expended on this case and hourly rates with which the total fee calculation was based. The Commissioner does not dispute the reasonableness of the time spent or hourly rates. The Court finds the time spent to be reasonable, but nonetheless reviews the appropriateness of the plaintiff's methodology and accuracy of her calculations to determine the final award amount.

The plaintiff's initial EAJA petition requested an award in the amount of $7,263.22. Her supporting statement requests fees for 42.0 hours of attorney time at $168.75 per hour, 1.9 hours of legal assistant time at $85.00 per hour, and $14.22 in costs. Plaintiff's counsel submitted a supplemental request of $708.75 for 4.2 hours of attorney time at $168.75 per hour spent preparing the plaintiff's reply brief in this EAJA matter. Therefore, in sum, the plaintiff seeks a total award of $7,971.97.

11

The plaintiff calculated the hourly billing rate for attorney time based on changes in the Consumer Price Index ("CPI") between March 1996, when the EAJA was amended, and December 2008 when most of the work was preformed. This period reflects a 35 percent increase to the CPI. Applied to the statutory rate of $125.00 per hour, this increase to the CPI results in an adjusted rate of $168.78 per hour. *See* 28 U.S.C. § 2412(d)(2)(A)(ii) (2006). Attorney time was billed at $168.75 per hour, and legal assistant time was billed at $85.00 per hour. As mentioned above, the Commissioner does not challenge these rates or methodology. Upon review, the Court likewise finds no flaw in the approach or in plaintiff's calculation of fees under it.

We therefore grant plaintiff's request for fees and costs of $7,263.22 through the filing of the EAJA petition, and an additional $708.75 for filing the reply. This results in a total award of $7,971.97.

## CONCLUSION

For the reasons stated above, the Court grants the plaintiff's motion for attorney's fees and costs pursuant to the EAJA, (doc. # 32) in the amount of $7,971.97, payable to Barry A. Schultz.

ENTER:

SIDNEY I. SCHENKIER
United States Magistrate Judge

Dated: January 29, 2010